NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JORGE PEREZ-RODRIGUEZ, | ) | No. 12-70932 |
| | ) | |
| Petitioner, | ) | Agency No. A026-357-218 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2015[**]
Pasadena, California

Before: REINHARDT, FERNANDEZ, and CLIFTON, Circuit Judges.

Jorge Perez-Rodriguez petitions for review of the Board of Immigration

Appeals' ("BIA") determination that he is removable for, among other things,

commission of immigration willful misrepresentation. See 8 U.S.C.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

§ 1182(a)(6)(C)(i).[1]  We grant the petition and remand.

Perez argues that the record was insufficient to support the determination by clear and convincing evidence[2] that he had, in fact, willfully misrepresented[3] that he had an approved petition for a special immigrant visa[4] when he applied to the United States Citizenship and Immigration Services ("USCIS") for adjustment of status.[5]  We agree.  We must affirm the ruling of the Immigration Judge ("IJ") and the BIA unless "a reasonable factfinder would have to conclude"[6] that the evidence could not support that determination by clear and convincing evidence.[7]  Here that evidentiary support is lacking.

The government had to demonstrate by clear and convincing evidence that

---

[1]The parties and the agency often refer to this provision generally as immigration fraud.  However, for clarity we will use willful misrepresentation, which was the actual basis for the decision.

[2]See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir. 2005); see also Nakamoto v. Ashcroft, 363 F.3d 874, 881–82 (9th Cir. 2004).

[3]See 8 U.S.C. § 1182(a)(6)(C)(i).

[4]See id. §§ 1101(a)(27)(C), 1153(b)(4); see also Ruiz-Diaz v. United States, 618 F.3d 1055, 1058–59 (9th Cir. 2010).

[5]See 8 U.S.C. § 1255(a).

[6]INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992).

[7]See 8 U.S.C. § 1229a(c)(3)(A); Nakamoto, 363 F.3d at 882.

the submission of the allegedly fraudulent notice of approval of a special immigrant visa constituted a "misrepresentation [by Perez that] was deliberate and voluntary." Forbes v. INS, 48 F.3d 439, 442 (9th Cir. 1995). Here the only material evidence in the record is a denial letter from the USCIS to Perez which attaches a document explaining the denial. While that did constitute admissible evidence,[8] it is far from the clear and convincing evidence that was required. It does not point to any underlying facts to demonstrate that Perez had any reason to know that the document was fraudulent, or for that matter what drove the decision that the document was fraudulent. A reasonable factfinder could not find those conclusory statements to be sufficiently clear and convincing evidence to justify removal of Perez for making a deliberate and voluntary misrepresentation; the conclusory USCIS document was too thin a reed to bear that much weight.

The willful misrepresentation ground is the sole issue we reach. We therefore vacate that portion of the removal decision and remand to the BIA so that it can consider the remaining issues free from the effects of that error. See Gonzales v. Thomas, 547 U.S. 183, 185–87, 126 S. Ct. 1613, 1614–15, 164 L. Ed.

---

[8]Despite Perez's arguments to the contrary, the determination by the USCIS was admissible evidence. See Fed. R. Evid. 803(8); see also Espinoza v. INS, 45 F.3d 308, 310–11 (9th Cir. 1995); cf. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 161–63, 170, 109 S. Ct. 439, 446, 450, 102 L. Ed. 2d 445 (1988).

2d 358 (2006) (per curiam). In so doing, we have noted that the administrative proceedings up to this point do not appear to have focused upon whether Perez could sustain his burden to demonstrate that he is eligible to be considered for adjustment of status or other relief. Thus, we make it clear that we do not intend to preclude the BIA from taking other steps, such as a remand to the IJ, so that Perez can attempt to make that demonstration.

Petition GRANTED, and REMANDED for further proceedings.